HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SVETLANA SUKHININA,<br><br>                Plaintiff,<br>     v.<br><br>KITSAP BANK, SOUND CREDIT UNION, and US BANK,<br><br>                Defendant. | CASE NO. 3:19-cv-05963-RBL<br><br>ORDER ON DEFENDANTS' MOTIONS TO DISMISS<br><br>DKT. ## 14, 25, & 27 |

THIS MATTER is before the Court on Defendants Kitsap Bank, Sound Credit Union, and US Bank's Motions to Dismiss. Dkt. ## 14, 25, 27. This case concerns allegations of identity theft, discrimination, fraud, and deceptive practices related to unauthorized withdrawals from Plaintiff Svetlana Sukhinina's accounts; however, the only causes of action specifically mentioned in the Complaint fall under 28 U.S.C. § 1983 and *Bivens*. Dkt. # 3. Defendants argue that the Complaint should be dismissed with prejudice pursuant to 12(b)(6) for failure to state a claim and Rule 12(b)(1) for lack of subject matter jurisdiction.[1] Sukhinina, who is pro se, did not

---
[1] Defendant Sound Credit Union also argues that dismissal is proper under Rules 12(b)(4) for insufficient process and 12(b)(5) for insufficient service of process, but the Court need not reach that issue.

file a responsive brief but did file a letter to the Court claiming that Russian criminals are attacking her with radiation and requesting help. Dkt. # 31.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*). A pro se Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Id*.

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242,

247 (9th Cir. 1990); *see also Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) ("[D]ismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment.").

"A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute." *United Transp. Union v. Burlington N. Santa Fe R. Co.*, No. C06-5441 RBL, 2007 WL 26761, at *2 (W.D. Wash. Jan. 2, 2007), *aff'd*, 528 F.3d 674 (9th Cir. 2008). The plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989).

Here, dismissal is warranted under both Rules 12(b)(6) and 12(b)(1). Sukhinina's Complaint is presented as a standard-form civil rights complaint, but to be liable under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) a defendant must have acted under color of state or federal law. *Anderson v. Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006); *Chow v. Delambert*, 972 F.2d 1338 (9th Cir. 1992). Nothing in the Complaint suggests that any of the Defendants acted in such a capacity.

The Complaint also contains vague, confusing allegations of discrimination based on language/national origin, deceptive practices, fraud, and identity theft. There are no citations to statues or cases. Sukhinina's only concrete allegations are as follows: Kitsap Bank allowed unauthorized access to her safety deposit box, resulting in the theft of her passport and a document; Kitsap Bank somehow caused money to be stolen from her account and sent her a

faulty debit card; Sound Credit Union somehow contributed to a third person stealing her identity and money; US Bank "refused to return the money" stolen from her account. Dkt. # 6 at 6-8. Even if the Court knew the legal basis for Sukhinina's claims, these allegations are far too conclusory to plausibly state a claim under Rule 12(b)(6). The allegations against Sound Credit Union and US Bank make no sense at all. The allegations against Kitsap Bank might conceivable fall under some consumer protection statute, but that is pure conjecture at this point.

As for Rule 12(b)(1), Sukhinina identifies "federal question" as the basis for subject matter jurisdiction. However, as previously explained, Sukhinina has failed to state a claim under § 1983 or *Bivens*. Presently there is no federal question and no jurisdiction, making dismissal proper.

In conclusion, the claims against Defendants Sound Credit Union and US Bank are DISMISSED under Rules 12(b)(1) and 12(b)(6) WITHOUT LEAVE TO AMEND. The claims against Kitsap Bank are dismissed WITH LEAVE TO AMEND because Sukhinina's allegations could conceivably support some type of claim that could create subject matter jurisdiction. Within 21 days of this Order, Sukhinina must file an amended complaint identifying specific causes of action against Kitsap Bank, alleging concrete facts that plausibly support a claim under the elements of those causes of action, and stating the basis for subject matter jurisdiction. Failure to do so will result in dismissal of this entire action without further notice.

IT IS SO ORDERED.

Dated this 6th day of January, 2020.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge